09-3563-ag
*Gaitan-Cortez v. Holder*

BIA
Montante, IJ
A088 186 070

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand and ten.

**PRESENT:**

> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judge,*
> **KIMBA M. WOOD,**[*]
> > *District Judge.*[**]

———————————————————————

**JOSE AMILCAR GAITAN-CORTEZ,**
> *Petitioner*,

> v.                          09-3563-ag

**ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,**
> *Respondent*.

———————————————————————

---

[*] The Hon. Kimba M. Wood, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Hon. Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of th panel, who are in agreement, have determined this matter. <u>See</u> Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); <u>United States v. Desimone</u>, 140 F.3d 457 (2d Cir. 1998).

**FOR PETITIONER:** Jose Amilcar Gaitan-Cortez, pro se, West New York, NJ.

**FOR RESPONDENT:** Jessica Segall, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General; Leslie McKay, Assistant Director, Office of Immigration Litigation, on the brief), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jose Amilcar Gaitan-Cortez, a native and citizen of El Salvador, seeks review of the July 24, 2009, order of the BIA affirming the August 4, 2008, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., ordering him removed to El Salvador. In re Jose Amilcar Gaitan Cortez, No. A 088 186 070 (B.I.A. July 24, 2009), aff'g No. A 088 186 070 (Immig. Ct. Buffalo, N.Y. Aug. 4, 2008). We assume the parties' familiarity with the underlying facts of the case, procedural history, and issues for review on appeal.

Under the circumstances of this case, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review

the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. DHS, 494 F.3d 281, 289 (2d Cir. 2007). The Court reviews de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Due process in removal proceedings requires "notice" to the alien "of the nature of the charges and a meaningful opportunity to be heard," Pierre v. Holder, 588 F.3d 767, 776 (2d Cir. 2009) (internal quotation mark omitted), and that the proceedings be otherwise fundamentally fair, Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 155 (2d Cir. 2006), vacated on other grounds, 471 F.3d 315 (2d Cir. 2006); see also Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007). Even where an alien shows that due process was denied, he can prevail only if he shows "some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

In this case, we conclude that the IJ did not violate Gaitan-Cortez's due process rights by failing to provide him with an opportunity to cross-examine the Border Patrol agent who prepared his Form I-213 Record of Deportable/Inadmissible

3

Alien, on which the IJ based his conclusion that Petitioner was removable. We have held that "a Form I-213 is presumptively reliable and can be admitted in deportation proceedings without giving the alien the opportunity to cross-examine the document's author, at least when the alien has put forth no evidence to contradict or impeach the statements in the report." See Felzcerek v. INS, 75 F.3d 112, 117 (2d Cir. 1996). Although Petitioner argues that he was not afforded an opportunity to present such evidence, he was served with the I-213 form at his first hearing, in September 2007. At his second hearing, nearly a year later in August 2008, the IJ asked Petitioner's attorney if he had "any evidence . . . to even suggest that the contents of the [Form I-213] did not relate to [Petitioner] or that the information is erroneous or that it was the result of coercion or duress?" App. 86. Petitioner's attorney responded that he did not, but explained that he had filed a Freedom of Information Act ("FOIA") inquiry to discover whether Gaitan-Cortez had previously filed any applications for legal immigration status. However, when the IJ asked if he had any evidence of the inquiry, his attorney replied that he did not. Therefore, Petitioner's assertion to this Court that the IJ did not allow him an opportunity to come forward with evidence to rebut the

4

contents of the I-213 is without merit.  The assertion that Petitioner's attorney challenged the factual accuracy of the I-213's contents is similarly unsupported.  See, e.g., Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) (unsworn statements of an attorney are not evidence).  Petitioner presented no actual evidence that he had ever filed any application for relief, or that his attorney had filed the FOIA request as he claimed.  Accordingly, Gaitan-Cortez's assertion that the IJ violated his due process rights fails.

We have carefully considered Petitioner's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5