Seybout v. Holder

BIA
A096 253 019

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand thirteen.

PRESENT:
    JOHN M. WALKER, JR.,
    DEBRA ANN LIVINGSTON,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

AMAR OULD SEYBOUT,
        *Petitioner,*

    v.                                      12-612
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gisela Chavez-Garcia, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Linda S. Wernery,
                       Assistant Director; Walter Bocchini,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amar Ould Seybout, a native and citizen of Mauritania, seeks review of January 17, 2012, decision of the BIA denying his motion to reopen. *In re Amar Ould Seybout*, No. A096 253 019 (B.I.A. Jan. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). To prevail on a claim of ineffective assistance of counsel, a movant must file a motion with the agency that includes: (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (citing *Matter of Lozada*, 19 I.&

2

N. Dec. 637, 639 (BIA 1998)).  This Court has made clear that "an alien who has failed to comply substantially with the *Lozada* requirements in [his] motion to reopen before the BIA forfeits [his] ineffective assistance of counsel claim." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005).  However, "slavish adherence" to *Lozada*'s requirements is not necessary.  *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007).

In this case, the BIA correctly found that Seybout failed substantially to comply with *Lozada* in making an ineffective assistance of counsel claim because there is no evidence that Seybout properly informed his previous attorney of all of the allegations against him.  *See Twum*, 411 F.3d at 59; *Jian Yun Zheng*, 409 F.3d at 47.  Seybout claims that he mailed his former attorney both a brief letter stating that the attorney had failed to file a brief on his behalf, as well as a copy of an affidavit raising numerous additional allegations.  However, there is no evidence in the record to support this conclusion, as the letter sent to Seybout's former attorney does not reference the affidavit or an enclosure, and nowhere in Seybout's motion to reopen does he mention that the affidavit was sent

3

to former counsel. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (unsworn statements of an attorney are not evidence). As the affidavit contained additional allegations of ineffective assistance, the BIA properly found that Seybout failed to provide his former attorney with an opportunity to respond. *See Twum*, 411 F.3d at 59. Thus, because Seybout failed to demonstrate substantial compliance with *Lozada*, the BIA did not abuse its discretion in denying Seybout's motion to reopen. *Ali*, 448 F.3d at 517.

To the extent that Seybout challenges the agency's underlying denial of relief, we lack jurisdiction to consider it. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Regardless, Seybout's asylum and withholding claims were presented to this Court on appeal, and were found to lack an arguable basis in either law or fact.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
