12-1911
Razik v. Holder

BIA
Mulligan, IJ
A088 524 528

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges*.

_____

MOHAMED RAISUDEEN MOHAMED RAZIK,
> *Petitioner*,

v.                                          12-1911
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Stephen J. Flynn,
                         Assistant Director; Robert M.
                         Stalzer, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Raisudeen Mohamed Razik, a native and citizen of Sri Lanka, seeks review of an April 24, 2012, decision of the BIA affirming the August 17, 2010, decision of Immigration Judge ("IJ") Thomas Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Raisudeen Mohamed Razik*, No. A088 524 528 (B.I.A. Apr. 24, 2012), *aff'g* No. A088 524 528 (Immig. Ct. N.Y. City Aug. 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Razik's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility finding on the plausibility of an applicant's account, as well as inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  In this case, the agency reasonably based its adverse credibility finding on Razik's negative demeanor, the lack of credibility of his claim that the Sri Lankan army suspected him of supporting the Liberation Tigers of Tamil Eelam ("LTTE"), and a failure to provide reasonably available corroborating evidence.

The IJ's observations regarding Razik's demeanor while testifying supports the agency's adverse credibility determination.  We accord particular deference to the trier of fact's assessment of demeanor, as he was in the best position to observe Razik's manner while testifying.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).  During

the merits hearing, the IJ carefully observed Razik's testimony throughout direct and cross-examination and found Razik's overall demeanor negative throughout, in part due to his persistent, abnormally high anxiety, and his periodic glances at the IJ, which the IJ interpreted as attempts to gauge the reaction to the testimony. The IJ specifically underscored Razik's difficulty providing details and lack of a natural flow when describing LTTE members' damaging shelving in his uncle's shop, and his contrived effort to convey the appearance of sadness by lowering his head and repeatedly wiping his face. While Razik takes issue with the IJ's characterization of his demeanor as insincere, where, as here, the agency's inference "is tethered to the evidentiary record, [this Court] will accord deference to the finding." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007); *see also Tu Lin*, 446 F.3d at 400-01.

Razik also argues that the IJ should have given him notice of the demeanor issue and an opportunity to explain. This argument also fails. Razik relies on *Zhi Wei Pang v. Bureau of Citizenship and Immigration Services*, 448 F.3d 102, 107 (2d Cir. 2006), and *Ming Shi Xue v. BIA*, 439 F.3d 111, 118 (2d Cir. 2006) to support his contention, but these

4

cases require IJs to inform petitioners about non-self-evident discrepancies in their testimony so that they may offer explanations for apparent inconsistencies, an obligation that does not extend to an IJ's demeanor findings.  *See* 448 F.3d at 107; 439 F.3d at 118.

The BIA also properly declined to consider the affidavit submitted by counsel on appeal.  The BIA reviews only the record before it and generally may not supplement the record with new evidence.  *See Belotaja v. Gonzales*, 484 F.3d 619, 624 (2d Cir. 2007) (citing 8 C.F.R. § 1003.1(d)(3)(iv)).  Razik relies on *Kulhawik v. Holder*, in which we determined that the BIA erred when it refused to consider an affidavit submitted by counsel before the IJ. 571 F.3d 296, 298 (2d Cir. 2009) (per curiam).  In the present case, however, Razik's counsel submitted his affidavit before the BIA, and not the IJ.  Hence, the ruling in *Belotaja* controls.

The agency also reasonably based its adverse credibility determination, in part, on Razik's failure to credibly explain why he had amended his application to state that he feared persecution from the Sri Lankan army.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's

5

explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (noting that the agency may consider the inherent plausibility of the applicant's account in assessing credibility); *Xiu Xia Lin*, 534 F.3d at 166. Although Razik contended that he amended his application because the army had begun to arrest all perceived LTTE supporters following LTTE's defeat, the IJ reasonably found this explanation suspicious and incredible because the army had not harassed his uncle, who paid the protection money and whose name appeared on the LTTE receipts. *See Majidi*, 430 F.3d at 80-81; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having called Razik's credibility into question, the IJ did not err in finding his credibility further undermined by the absence of corroborative evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Although Razik submitted letters from his family and friends, the agency reasonably accorded them little weight due to the inability to cross-examine their authors. *See Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir.

6

2012).  In addition, the agency reasonably noted that the scar on Razik's face, without more, did not demonstrate that a LTTE cadre assaulted him.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).  And, the agency did not err in finding that Razik's return to Sri Lanka for three weeks to conduct a financial transaction when he claimed to fear for his life, undermined his credibility.  *See Kone v. Holder*, 596 F.3d 141, 150-51 (2d Cir. 2010).

By examining these factors in conjunction with the negative demeanor findings, the agency sufficiently examined the totality of the circumstances to reach its adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  Nor does the record support Razik's assertion that the agency did not evaluate the totality of the circumstances and violated his due process rights by truncating his testimony.  Throughout Razik's testimony, the IJ repeatedly asked him to provide greater detail and offered specific examples of the types of details he sought.  More tellingly, Razik's counsel explicitly declined an opportunity for redirect, indicating that Razik had nothing more to add to his case at that time.

The adverse credibility determination in this case necessarily precluded Razik's success on his claims for asylum, withholding of removal, and CAT relief, as those claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk