Saleh v. Lynch

BIA
Hom, IJ
A201 139 894

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

EL HAFED MOHAMED LEMINE MOHAMED
SALEH, AKA MOHAMED ELHAFED, AKA
ELHAFEDMEDLEMIN MOHAMEDSALEH,
> *Petitioner,*

v.                                          14-3825
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Bibiana C. Andrade, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Attorney General, Civil Division;

Song Park, Senior Litigation Counsel; Jessica E. Burns, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner El Hafed Mohamed Lemine Mohamed Saleh, a native and citizen of Mauritania, seeks review of a September 11, 2014, decision of the BIA affirming a March 21, 2013, decision of an Immigration Judge ("IJ") denying Saleh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re El Hafed Mohamed Lemine Mohamed Saleh,* No. A201 139 894 (B.I.A. Sept. 11, 2014), *aff'g* No. A201 139 894 (Immig. Ct. N.Y. City Mar. 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The

2

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Saleh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies and omissions in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 167.  Omissions are "functionally equivalent" to inconsistencies, and "can serve as a proper basis for an adverse credibility determination."  *Xiu Xia Lin*, 534 F.3d at 166 n.3.  Substantial evidence supports the agency's determination that Saleh was not credible.

The IJ considered the inconsistency between Saleh's testimony that his second arrest occurred on August 27, 2010, and his application, which stated this arrest occurred on July 27, 2010.  When confronted with this discrepancy, Saleh initially responded that he was arrested in August, but then that he was arrested in July and came to the United States in August.  As Saleh did not actually explain this discrepancy,

a reasonable fact-finder would not be compelled to credit his explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

A second inconsistency involved Saleh's testimony regarding why he was targeted by the Mauritanian government. He first stated that he was "targeted by the government" because his "family used to own a slave" and he went "against . . . [his] family," but then stated that his tribe might target him. Despite additional questioning, it remains unclear who might target Saleh: the government or his tribe. The record thus supports the IJ's finding that Saleh provided "different versions" of who might target him.

The IJ also cited two omissions in Saleh's asylum application: that he was electrocuted by police after his second arrest, and that police abuse caused him persisting ear pain. Saleh stated he omitted this information because he was told that he would have an opportunity to testify and elaborate on his claims. However, these omissions are significant; the mistreatment by police after his second arrest was the only harm he suffered in Mauritania. The type of harm and the extent of his injuries are therefore substantial omissions that were

4

properly considered. *Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003), *abrogated in part by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008); *cf. Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006).

A third omission cited by the IJ is that Saleh's application failed to include "information about being the target of the police for his anti-slavery activities." This finding is weak: Saleh described his anti-slavery activities and mentioned that he was questioned about them. However, he did not demonstrate that he was targeted or persecuted for that activity. Even disregarding this finding, the "totality of the circumstances" supports the adverse credibility determination given the inconsistencies regarding the date of Saleh's second arrest, the reason he was targeted, and the omissions from his application about the type and severity of harm by police. *Xiu Xia Lin*, 534 F.3d at 167.

The agency properly considered Saleh's lack of corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ acted within his discretion not to admit into evidence the untimely-submitted newspaper article. 8 C.F.R. § 1003.31(c). In addition, as Saleh

testified that a U.S. doctor examined his injured ear, the agency reasonably considered the absence of any medical documentation to corroborate Saleh's testimony. *Yan Juan Chen v. Holder*, 658 F.3d 246, 252-53 (2d Cir. 2011). Saleh submitted a letter from the president of an anti-slavery organization and a statement by his wife. The agency could give little weight to these documents because the author of the letter was not available for cross-examination and Saleh's wife did not indicate she had personal knowledge of the events she discussed. *Cf. Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (personal knowledge); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (availability for cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Finally, the IJ properly considered a 2010 U.S. Department of State report, which stated that the Mauritanian government was involved in programs to eradicate the effects of slavery and restore rights to former slaves. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). As the agency determined, this report undercut Saleh's claim.

In light of the inconsistencies, omissions, and lack of corroboration, the "totality of the circumstances" supports the

IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk