Xu v. Lynch

BIA
Nelson, IJ
A093 248 792

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ZHUSHUN XU,
> *Petitioner,*

> v.                                                                14-3731
>                                                                   NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Giacchino J. Russo, Flushing, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Attorney General; John W. Blakeley, Assistant Director; Regina Byrd, Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Zhushun Xu, a native and citizen of China, seeks review of a September 5, 2014 decision of the BIA affirming a May 20, 2013 decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhushun Xu,* No. A093 248 792 (B.I.A. Sept. 5, 2014), *aff'g* No. A093 248 792 (Immig. Ct. N.Y. City May 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the IJ's decision "as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (noting that the substantial evidence standard of review applies to an IJ's factual findings and that de novo review applies to questions of law and the BIA's application of law to fact).

Xu waived her claims of past persecution and for CAT relief by failing to raise them before the BIA or this Court. Her only claim left for review is the agency's denial of

asylum and withholding based on Xu's fear of future persecution on account of her prior membership in the Chinese Democracy and Justice Party ("CDJP") in the United States.

With respect to that remaining claim, the agency assumed that Xu had a subjective fear of future harm. But to show that her fear was objectively reasonable, Xu had to "make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Put another way, she had to demonstrate that she would be singled out for persecution or that China has a pattern or practice of persecuting those similarly situated to her, *i.e.*, former members of the CDJP who joined in the United States. *See* 8 C.F.R. § 1208.13(b)(2)(C)(iii).

Before this Court, Xu argues that the BIA erred in focusing on whether the Chinese government is aware of her activities and will single her out, rather than on her background materials, which (she says) document the Chinese government's pattern or practice of persecuting political dissidents. But this argument is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the BIA will not be examined by the reviewing court."); 8 U.S.C. § 1252(d)(1). Xu's brief to the BIA said nothing about the background materials on China or the existence of a pattern or practice of persecution, and, unsurprisingly, the BIA's decision said nothing about whether China has a pattern or practice of persecution. Consequently, we decline to consider the argument. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a

determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

Xu also asserts that the agency was wrong to demand evidence beyond her credible testimony and argues, albeit tangentially, that she will be singled out for persecution if she returns to China. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating [her] story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); 8 U.S.C. § 1158(b)(1)(B)(ii). We review "with substantial deference an IJ's determination that corroborating evidence was reasonably available to the applicant." *Chuilu Liu v. Holder*, 575 F.3d 193, 197–98 (2d Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Here, the IJ was well within her discretion to find that Xu needed to produce corroborating evidence, such as a CDJP membership card, a statement from a fellow CDJP member, or an affidavit from her daughter,[1] and that Xu's testimony alone

---

[1] The IJ stated that Xu offered "no evidence" that her CDJP articles were published. That is inaccurate: She submitted an affirmation from an attorney attesting to having seen the articles online. The IJ doubted that it was proper for an attorney to give testimony in a case, and the BIA opined that "statements from counsel are not considered evidence." That overstates the rule: "An attorney's unsworn statements in a brief are not evidence. But when an attorney makes statements under penalty of perjury in an affidavit or an affirmation, the statements do constitute part of the evidentiary record and must be considered." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (citation omitted). The weight given to the affirmation is for the agency to determine. *Id.* Here, the attorney's affirmation was not made under penalty of perjury, and it does not fill the many evidentiary gaps in Xu's application.

4

did not establish that she was a member of the CDJP or that her daughter received threatening phone calls from Chinese authorities about Xu's political activities.

Having reasonably found that Xu failed to establish the objective likelihood of persecution needed for asylum, the agency did not err in denying withholding of removal, which has a higher standard for relief. *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk