08-4582-ag
Kulhawik v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**August Term 2008**

(Submitted June 17, 2009                                                    Decided July 6, 2009)

Docket No. 08-4582-ag

———————————————

KAZIMIERZ KULHAWIK,

*Petitioner*,

– v. –

ERIC H. HOLDER JR.,
U.S. Attorney General,

*Respondent.*

———————————————

Before CABRANES and HALL, *Circuit Judges*, and STEIN, *District Judge*.[*]

Kazimierz Kulhawik petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We deny the petition but note that the BIA erred by failing to consider a sworn affirmation submitted by petitioner's attorney.

We also vacate our prior order granting petitioner's motion for a stay of removal.

———————————————

[*] The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

RICHARD A. VRHOVC, Clifton, NJ, *for petitioner.*

JESSICA E. SHERMAN, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division (Michael F. Hertz, Acting Assistant Attorney General, and Michelle Gorden Latour, Assistant Director, *on the brief*), Washington, DC, *for respondent.*

PER CURIAM:

The Department of Homeland Security began removal proceedings against petitioner, a native and citizen of Poland, by means of a "Notice to Appear" that directed petitioner to appear before an Immigration Judge ("IJ") on November 30, 2007. Petitioner appeared before the IJ on November 30 and was personally served with a "Notice of Hearing" directing him to appear again on March 7, 2008. The Notice of Hearing explained that petitioner's failure to appear could result in an "order of removal being entered against" him.

Petitioner did not appear at the March 7 hearing. In his absence, the IJ conducted a hearing and issued an order of removal pursuant to 8 U.S.C. § 1229a(b)(5)(A). After learning of the order, petitioner moved to reopen the proceedings claiming that "exceptional circumstances" excused his failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). In support of the motion, petitioner's attorney submitted a sworn affirmation stating that petitioner did not understand the IJ's instructions regarding the March 7 hearing and that petitioner expected an additional notice to arrive in the mail. J.A. 58-61. The IJ denied the motion to reopen.

Petitioner appealed, and the BIA affirmed. *In re Kulhawik*, No. A095 465 021 (B.I.A. Aug. 26, 2008). The BIA found that petitioner had been "properly notified of his hearing" and, by failing to appear, had "abandoned" any "opportunity to seek adjustment of status." The BIA noted that petitioner's attorney had "indicate[d] in his brief that [petitioner] did not understand his obligation to return for his scheduled hearing," but the BIA rejected that assertion on the ground that "statements

2

of counsel are not evidence." The BIA concluded that the motion to reopen had been properly denied because petitioner had "not provided an affidavit or declaration in support of his claim that exceptional circumstances prevented his appearance for the hearing." The BIA dismissed the appeal.

Petitioner now seeks a review of the BIA's decision pursuant to 8 U.S.C. § 1252. Where, as here, "the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (quotation marks and citation omitted). "This court reviews the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (citing *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir. 2000)). "The BIA abuses its discretion when its 'decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Id.* (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)).

After reviewing the record, we conclude that the BIA correctly affirmed the IJ. We agree with the BIA's conclusion that petitioner was "properly notified of his hearing" when he was personally served with a Notice of Hearing. Petitioner has submitted no evidence suggesting that the Notice of Hearing was unclear about petitioner's obligation to appear or about the consequences of failing to appear.

We cannot, however, agree with the BIA's conclusion that petitioner submitted no evidence in support of his claim that "exceptional circumstances" prevented his appearance at the March 7 hearing. To the contrary, petitioner's attorney submitted a sworn affirmation setting forth petitioner's reasons for failing to appear. J.A. 58-61. An attorney's unsworn statements in a brief are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984). But when an attorney makes statements under penalty of perjury in an affidavit or an affirmation, the statements do

3

constitute part of the evidentiary record and must be considered. While it will remain up to the BIA to assess and then report, at least in some minimal fashion, what weight it gives an attorney's affidavit – taking into account such factors as the affiant's personal knowledge of the subject matter of the affidavit – the BIA may not merely dismiss it as constituting no evidence at all. Here, therefore, the BIA erred by failing to consider the affirmation submitted by petitioner's attorney.

Nevertheless, the BIA's failure to consider the affirmation does not require remand because we "can predict with confidence that the agency would reach the same result" even if it considered the affirmation. *Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 222 (2d Cir. 2009) (citing *Biao Yang v. Gonzales*, 496 F.3d 268, 272 (2d Cir. 2007); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005)). To succeed in his motion to reopen, petitioner was required to demonstrate that his "failure to appear was because of exceptional circumstances (as defined in subsection (e)(1))." 8 U.S.C. § 1229a(b)(5)(C)(i). Subsection (e)(1) provides that "'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id.* § 1229a(e)(1).

The affirmation submitted by petitioner's attorney provides two reasons for petitioner's failure to appear. First, the affirmation states that "due to [petitioner's] lack of knowledge of the English language he misunderstood the [immigration] judge's instruction concerning his future hearing." Second, the affirmation states that petitioner "believed that there would be another letter from the court . . . informing him about a new hearing date." J.A. 59.

Those reasons for petitioner's failure to appear are not akin to "battery or extreme cruelty" or "serious illness or death," and petitioner cannot prevail on a showing of "less compelling circumstances." 8 U.S.C. § 1229a(e)(1). Thus, we "can predict with confidence," *Xiao Kui Lin*, 553

4

F.3d at 222, that the BIA would not find "exceptional circumstances" even if it considered the affirmation submitted by petitioner's attorney.

Indeed, even if petitioner had difficulty understanding the IJ's oral instructions, the affirmation submitted by petitioner's attorney contains no claim that petitioner could not understand the Notice of Hearing. The Notice of Hearing informed petitioner of his obligation to appear even if petitioner expected "another letter from the court." We note—as did the IJ—that petitioner has never explained why he was able to understand and comply with the Notice to Appear for his initial appearance but was unable to understand and comply with the Notice of Hearing for his March 7 hearing.

Accordingly, we deny the petition for review. As a housekeeping matter, we vacate our May 8, 2009 order granting petitioner's motion for a stay of removal. The Clerk of Court is instructed to update the docket accordingly.