09-3569-ag
Xue Hua Liu v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          NICHOLAS G. GARAUFIS,
                    *Judge*.[*]

-----------------------------------------------------------
XUE HUA LIU,

          *Petitioner*,

          v.                                        No. 09-3569-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

          *Respondent*.
-----------------------------------------------------------

APPEARING FOR PETITIONER:   WAISIM M. CHEUNG, Tsoi and Associates, New York, New York.

APPEARING FOR RESPONDENT:   YAMILETH G. HANDUBER, Trial Attorney (Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Kevin J. Conway, Attorney, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

---

[*] District Judge Nicholas G. Garaufis of the United States District Court for the Eastern District of New York, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA" or "Board") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Hua Liu, a native and citizen of China, seeks review of a July 29, 2009 order of the BIA denying her motion to reopen removal proceedings based on claims of new reasons to fear persecution if returned to China, specifically, her recent conversion to Christianity and the birth of her first child. See In re Xue Hua Liu, No. A098 980 963 (B.I.A. July 29, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are disfavored. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006) (citing INS v. Doherty, 502 U.S. 314, 322-23 (1992)). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) (internal quotation marks omitted). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

A motion to reopen immigration proceedings "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); see also 8 C.F.R. § 1003.2(c)(1). To prevail on a motion to reopen, a petitioner must also establish prima facie eligibility for asylum, i.e., a "realistic chance" that she will be able to establish eligibility for the requested

2

relief. <u>Poradisova v. Gonzales</u>, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted). Here, we identify no abuse of discretion in the BIA's determination that petitioner failed to adduce evidence sufficient to manifest a realistic chance for relief based on feared religious persecution.

Although Liu submitted in a December 19, 2008 affidavit that she had "adopted the Christian faith" and attended the "Chinese Promise Baptist Church since September 7, 2008," Aff. at 1, she failed to offer evidence corroborating this claim. In fact, as the BIA correctly observed, the evidence she did offer as corroboration – a letter from the church pastor and photographs of herself with the pastor – only confirmed Liu's church attendance on a single day, September 7, 2008. <u>See</u> Letter from Pastor Samuel F. Wong (Sept. 26, 2008) ("This is to certify that Ms. Xue Hua Liu has come to attend our Sunday School, Sunday Service and prayer meeting on September 7, 2008."). The pastor's failure to confirm petitioner's attendance on the intervening Sundays between September 7, 2008, and the late-September date of the letter together with Liu's failure to provide any other corroboration of her practice of Christianity through the time of her own December 19, 2008 affidavit provide a rational basis for the BIA to conclude that petitioner's claim of conversion was too suspect to evidence a "realistic chance" of relief based on feared religious persecution.

Nor do we identify abuse of discretion in the BIA's denial of reopening based on the birth of Liu's child in the United States. While the Board did not specifically reference the <u>prima facie</u> standard in this part of its order, its express finding that the evidence attached to Liu's motion did not indicate that she would be sterilized on account of the birth of one child

3

or that she had a well-founded fear of persecution on account of anticipated resistance to China's family planning policies is reasonably understood as a determination that Liu failed to demonstrate a realistic chance of success on her claim. We detect no abuse of discretion in this determination given (1) Liu's failure to adduce evidence that giving birth to a single child in the United States violates China's family planning policy, much less that such conduct can result in forced sterilization; and (2) the highly speculative nature of Liu's anticipated resistance to China's family planning policy. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 170-73 (2d Cir. 2008) (affirming denial of motion to reopen where petitioner failed to demonstrate that birth of second child in United States violated Chinese policy or reasonable possibility of forced sterilization); Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent solid record support for petitioner's assertion that he would be subjected to forced sterilization on account of his two children born in the United States, feared persecution "is speculative at best").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4