Wang v. Lynch

BIA
Van Wyke, IJ
A087 783 619

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

ZHI WANG,
*Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

15-342
NAC

FOR PETITIONER: Gary J. Yerman, New York, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Wang, a native and citizen of China, seeks review of a January 8, 2015, decision of the BIA affirming a February 21, 2013, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Wang,* No. A087 783 619 (B.I.A. Jan. 8, 2015), *aff'g* No. A087 783 619 (Immig. Ct. N.Y. City Feb. 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency's adverse credibility determination in this case is supported by substantial evidence. First, the agency properly relied on inconsistencies between Wang's testimony and his documentary evidence. *Id*. at 166-67. For example, a letter from Wang's father stated that in April 2006, Wang told his parents "that he accepted the gospel spread by the Young Men's Christian Association and attended the family church." A.R. 384. By contrast, Wang testified that it was his aunt who

introduced him to Christianity. When confronted with the apparent inconsistency between these two accounts, Wang responded that he initially felt that it was not "important" to tell his parents that his aunt had converted him to Christianity, but that he later told them the truth. Wang could not explain why his father's letter, written three years later, would relate the earlier (erroneous) source of his Christian conversion. Therefore, Wang has not carried his burden to demonstrate that "a reasonable fact-finder would be compelled to credit" his explanation for this inconsistency. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 76 (2d Cir. 2003)).

In addition, Wang's testimony that he was baptized in China conflicted with a letter from a fellow parishioner of his U.S. church, which stated that Wang was baptized at their church in New York. When confronted with this inconsistency, Wang responded, "I think the person made a mistake." The agency was not compelled to credit this explanation. *Majidi*, 430 F.3d at 80. In his brief, Wang now questions the value of the parishioner's letter, observing that it "appears as though it followed a template" and focused on the parishioner instead of

4

Wang. However, Wang did not offer this explanation at his hearing, and "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Even if Wang had so testified, the explanation only undermined his own documentary evidence. *Majidi*, 430 F.3d at 80.

The IJ's findings regarding Wang's demeanor provide further support for the adverse credibility determination. *Majidi*, 430 F.3d at 81 n.1. The IJ pressed Wang to explain why, if he refused to give up the names of his fellow congregants, the police would have released him. In his oral decision, the IJ observed that Wang's response—that he had not thought about the matter—was punctuated by "long pauses" and that he was "stumbling over an answer." A.R. 61. Given that he had "the unique advantage among all officials involved in the process of having heard directly from the applicant," this finding deserves deference. *See Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin*, 494 F.3d at 296.

This deference is particularly warranted because the demeanor finding is linked to implausible testimony. *Cf. Li*

5

*Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (explaining that we can be "more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony"). "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). Here, the IJ properly found that Wang's assertion that he never thought about why the police decided to release him after detaining him for 14 days, interrogating him, and beating him was not plausible.

Finally, the IJ properly found that Wang omitted important information from his asylum application. *See Lin*, 534 F.3d at 167 (holding that an IJ may base an adverse credibility determination on "omissions" even if they are "collateral or ancillary" to the applicant's claims (quoting *Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 308 (2d Cir. 2003)). For example, he testified that his parents, aunt, cousin, and wife belong to the same underground church that he does, but failed to mention this fact in the section of his application that asked whether his family members have ever been associated with a religious

organization. Similarly, on his application, he failed to answer questions regarding his role in the church, its structure, and the extent of his family members' involvement. The IJ was entitled to consider these notable omissions in finding Wang not credible.

Given the inconsistencies, omissions, and demeanor problems that cast doubt on Wang's claim, the totality of the circumstances supports the adverse credibility determination. Because asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the adverse credibility determination is dispositive of all three. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk