Bai v. Lynch

BIA
Christensen, IJ
A200 179 025

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand sixteen.

PRESENT:
>       GUIDO CALABRESI,
>       REENA RAGGI,
>       CHRISTOPHER F. DRONEY,
>           *Circuit Judges.*

_____

XUEJIN BAI,
>       *Petitioner,*

>       v.                                          14-4627
>                                                   NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Esq., Flushing, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John S.
                         Hogan, Senior Litigation Counsel;
                         Nicole N. Murley, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xuejin Bai, a native and citizen of the People's Republic of China, seeks review of a November 21, 2014 decision of the BIA affirming a July 18, 2013 decision of an Immigration Judge ("IJ") denying Bai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Xuejin Bai,* No. A200 179 025 (B.I.A. Nov. 21, 2014), *aff'g* No. A200 179 025 (Immig. Ct. N.Y.C. July 18, 2013). Under the circumstances of this case, we review both the IJ and the BIA opinion "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

For asylum applications such as Bai's, governed by the REAL ID Act of 2005, the agency may, considering "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness,"

2

the plausibility of her account, and inconsistencies in her statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "[w]e defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency here reasonably relied on inconsistencies, omissions, and Bai's demeanor in finding her not credible. First, the record supports the agency's conclusion that Bai's testimony regarding the number of passports she had obtained was inconsistent. Although Bai initially testified that she had only had one passport in her life — the one that she used to travel to the United States — the record indicates that she had at least three. She conceded during her testimony that, in 2009, she obtained a passport bearing a false name and her picture, which she used to travel successfully to Japan after she was forced to have an abortion. Further, the passport she used to travel to the United States stated that it was a replacement, thus indicating that Bai previously had yet another passport. Insofar as Bai attempts to minimize her

3

testimony regarding the fraudulent passport she used to travel to Japan, she did not raise that argument before the BIA and, therefore, we decline to consider it here. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that when "applicant for asylum or withholding of removal has failed to exhaust an issue before the BIA, and that issue is, therefore, not addressed in a reasoned BIA decision," we are, "by virtue of the 'final order' requirement of § 1252(d)(1), usually unable to review the argument").

Second, the record also supports the agency's conclusion that Bai omitted from her asylum application any mention of the six months she lived and worked in Japan in 2009. Bai testified that in June 2009, approximately two months after she was forced to have an abortion, she traveled to Japan and lived and worked there for six months before being deported to China. Despite completing an asylum application in 2011 that required her to list her jobs and residences for the past five years and providing with her application a written statement detailing what happened after her forced abortion, Bai failed to include in either document the fact that she lived and worked in Japan from approximately June 2009 to December 2009. The IJ was permitted to rely on this omission in assessing Bai's credibility, *see Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining

4

that, for purposes of assessing credibility, "[a]n inconsistency and an omission are . . . functionally equivalent"), particularly given that Bai's only explanation for this omission was that she felt "that if [she] include[d] it, it's not good" because she also went to Japan to apply for asylum, Certified Administrative Record ("CAR") 83; *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (stating that petitioner "must do more than offer a plausible explanation for [her] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be compelled to credit [her] testimony").

In urging otherwise, Bai relies on a pre-REAL ID Act case to argue that her testimony regarding her time in Japan could not form the basis for the agency's credibility determination because it had no bearing on her claim that she suffered persecution in China. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003) (stating that adverse credibility determination cannot rest on inconsistencies that "do not concern the basis for the claim of asylum or withholding, but rather matters collateral or ancillary to the claim"). The argument fails because the REAL ID Act governs Bai's application, and permits an IJ to "rely on *any* inconsistency or omission in making an adverse credibility determination as

long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (concluding that REAL ID Act abrogated circuit precedent, including *Secaida-Rosales*, which held that IJ may not base adverse credibility determination on inconsistencies that are collateral to applicant's claim).

Third, the agency reasonably concluded that Bai testified inconsistently about her divorce. Although Bai initially testified that she was in China when she divorced her husband, she subsequently testified that the divorce took place in December 2009, when she was in Japan. When asked to explain this inconsistency, Bai stated that she had been asked "too many questions," and "got confused." CAR 84. The agency was not compelled to credit this explanation. *See Majidi*, 430 F.3d at 80.[1]

Fourth, the IJ also expressed doubts about Bai's demeanor — a finding that we accord deference given that an IJ is in the

---

[1] Bai further argues in her brief to this court that she was confused as to whether the government was asking about the beginning or end of the divorce process. She did not, however, provide that explanation when asked about the inconsistency before the IJ, *see Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."), and, even if she had provided such an explanation at that time, the agency would not have been compelled to credit it, *see Majidi*, 430 F.3d at 80.

best position to observe an applicant's demeanor while testifying. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The IJ here observed that Bai was "evasive" when asked about the number of passports she has had in her life. CAR 48. This finding is strengthened by Bai's inconsistent responses to that question. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Finally, the agency reasonably found that Bai failed to rehabilitate her testimony with reliable documents. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). In so concluding, the IJ declined to afford significant evidentiary weight to (1) a letter from Bai's mother because she was unavailable for cross-examination; and (2) an unauthenticated hospital record that did not establish that Bai's 2009 abortion was involuntary,

7

*see Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (noting that the State Department China Profile of Asylum Cases states "so-called 'abortion certificates' are most likely doctors' excuse-letters for workers who undergo abortion voluntarily"). We defer to the agency's determination of the weight to be afforded to these documents. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (deferring to agency's determination to give letter "very little evidentiary weight" where letter was unsworn and submitted by an interested witness).

Because substantial evidence supports the agency's findings that Bai provided inconsistent testimony, omitted facts from her asylum application, and was evasive during her testimony, we identify no basis to disturb the agency's adverse credibility determination, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, which is dispositive of Bai's claims for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

---

[2] Because the IJ's credibility determination was an independent basis on which to deny Bai's requested relief, we need not consider whether the agency erred in concluding that Bai failed to establish her identity. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

8

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk