Tucker v. Garland

BIA
Straus, IJ
A096 713 973

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---------------------------------------------

JIMMY MOHAMMED TUCKER,

> *Petitioner*,

> v.                                                                      No. 22-6394

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

---------------------------------------------

**FOR PETITIONER:**     GLENN L. FORMICA, Formica, P.C., New Haven, CT.

**FOR RESPONDENT:**     DUNCAN T. FULTON, Trial Attorney (Brian M. Boynton, Principal Deputy Assistant Attorney General, Edward E. Wiggers, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jimmy Mohammed Tucker, a native and citizen of Jamaica, petitions for review of an August 1, 2022 decision of the BIA adopting and affirming a decision of an Immigration Judge ("IJ") that ordered his removal pursuant to 8 U.S.C. § 1227(a)(1)(A). *In re Jimmy Mohammed Tucker*, No. A096 713 973 (B.I.A. Aug. 1, 2022), *aff'g* No. A096 713 973 (Immigr. Ct. Hartford, Conn., June 4, 2019). Where the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When the Department of Homeland Security ("DHS") commences removal proceedings against an alien who has been admitted to the United States, it "bears

the burden of establishing that the alien is removable by clear and convincing evidence." *Zerrei v. Gonzales*, 471 F.3d 342, 345 (2d Cir. 2006); *see also* 8 U.S.C. § 1229a(c)(3)(A) ("No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence."). We must uphold the agency's determination of removability "unless any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Zerrei*, 471 F.3d at 345 (internal quotation marks omitted).

By Notice to Appear dated March 31, 2017, DHS charged Tucker as removable pursuant to 8 U.S.C. § 1227(a)(1)(A), which provides that "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable." Specifically, DHS asserted that, because Tucker used a fraudulent visa to enter the United States, he was not admissible at his time of entry or when he later adjusted to lawful permanent resident status. *See* 8 U.S.C. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, . . . has procured[] a visa, other documentation, or admission into the United States . . . is inadmissible."). Following a hearing, the IJ determined that DHS had met its burden of establishing Tucker's removability by clear and convincing evidence.

3

The BIA affirmed.

On appeal, Tucker asserts that the agency failed to provide a full and reasoned decision, misapprehended the burden of proof necessary to establish removability, erred in concluding that DHS had met its burden, and violated Tucker's due process rights. We address each of Tucker's contentions in turn.

As a threshold matter, we consider Tucker's argument that the IJ and the BIA failed to provide sufficient analysis to facilitate meaningful judicial review in this case. While it is true that "a certain minimum level of analysis" is required to enable judicial review of agency decisions, *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005), the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" so long as it gives "reasoned consideration to the petition[] and ma[kes] adequate findings." *Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). Here, the IJ's decision set forth a thorough statement of facts, including those relevant to the IJ's conclusion that Tucker had committed visa fraud. The IJ noted, for example, that the unique identifying number (the "foil number") that appeared on the visa Tucker used to enter the country was in fact issued to a different Jamaican citizen, that an inspection of the visa revealed certain

4

"discrepancies," that Tucker "was not issued a visa under his name," and that Tucker had previously submitted fake documents in connection with one of his visa applications. Certified Admin. Record at 58–59. The IJ also explained that he found Tucker's testimony that he lawfully obtained the visa "very hard to believe" and "not convincing" in light of other evidence indicating that the visa was fraudulent. *Id.* at 64. In affirming the IJ's decision, the BIA explained that it found no clear error in the IJ's factual findings and that the IJ applied the correct legal standard as to DHS's burden of proof; it then rejected Tucker's arguments on appeal as unpersuasive. Given this record, the agency's decisions are more than adequate to allow for judicial review in this case.

We next address Tucker's contention that the IJ required DHS to prove his removability only by a preponderance of the evidence. This is flatly contradicted by the record. Both the IJ's decision and the BIA's decision expressly (and correctly) recognized DHS's burden to establish Tucker's removability by clear and convincing evidence. There is therefore no basis to conclude that either the IJ or the BIA applied an incorrect standard in Tucker's case.

Turning to Tucker's argument that the agency erred in determining that DHS met its burden as to removability, we conclude that substantial evidence

5

supports the agency's finding that Tucker was removable as charged. *See Zerrei*, 471 F.3d at 345 ("[A]n alien is removable if substantial evidence supports the finding by clear and convincing evidence."). Tucker conceded in testimony before the IJ that his visa was fraudulent, and there is no dispute that Tucker did not disclose that fact in his application. Nor is there any dispute that Tucker's use of a fraudulent visa to obtain entry is material to ascertaining whether he is subject to removal under section 1227(a)(1)(A). Before the IJ, Tucker disputed only his awareness that the visa was fraudulent when he entered the United States and when he applied for adjustment of status. Relying on this testimony, he argues in his petition to this Court that the record contains insufficient evidence that he willfully misrepresented that his visa was valid.

Substantial evidence supports the agency's contrary conclusion. Among other things, a Form I-213 relied on by the agency identified several irregularities in connection with Tucker's visa application, including that he had been denied a visitor's visa seven times and that the foil number on his entry visa had been issued to Clive Anthony Atkinson, a different Jamaican citizen. Other documents relied on by the agency included a U.S. Citizenship and Immigration Services decision denying Tucker's application for naturalization because the visa used to facilitate

6

Tucker's entry into the United States was fraudulent; a copy of the visa that Tucker used to enter the United States; a State Department record showing that the foil number on Tucker's entry visa was assigned to Atkinson; additional State Department records indicating that Tucker was denied a visa in November 2002 and submitted false documents in connection with a different visa application, which was denied in January 2004; and Tucker's sworn statement that he could not produce original copies of his passport and entry visa because they had been stolen, contrary to his subsequent testimony that they had been destroyed in a flood.[1]

On appeal, Tucker argues that it was improper for the IJ to rely on information in the Form I-213 absent additional evidence corroborating its contents. However, "[a] Form I-213 is considered presumptively reliable and admissible even absent the testimony of the officer who prepared it, unless the reliability of the form is somehow undermined." *Zuniga-Perez v. Sessions*, 897 F.3d 114, 119 n.1 (2d Cir. 2018) (internal quotation marks omitted). Moreover, as

---

[1] At various points in his briefing, Tucker argues that DHS failed to carry its burden because it failed to submit State Department records identifying any foil numbers attributable to Tucker. But given that the State Department *never* granted any of Tucker's visa applications, it is hardly surprising that the record is bereft of foil numbers linked to him.

set forth above, DHS *did* provide additional documentary evidence substantiating information contained in the Form I-213 – contrary to Tucker's contention that it failed to do so. Because Tucker has failed to demonstrate that the information contained in this form was unworthy of belief, we discern no error in the IJ's reliance on this document.[2]

Tucker's argument that DHS did not demonstrate that he tampered with the visa or was otherwise aware that the visa was fraudulent likewise fails. The record reflects that Tucker was denied a visitor's visa on seven different occasions, and there is no evidence that any of his visa applications were ever granted. The record further reflects that Tucker's last visa application was denied on January 12, 2004 – nearly one year after the issuance of the fraudulent visa that Tucker used to enter the United States – and that this denial was based in part on the fact that Tucker submitted fake documents in support of his application. Contrary to Tucker's claims, there was ample record evidence indicating that the visa Tucker

---

[2] To the extent that Tucker argues the Form I-213 was unreliable because it provided only an incomplete description of a DHS investigation of Tucker, we note that any information regarding this investigation has no bearing on the question of whether DHS met its burden of proof regarding removability. Furthermore, Tucker's suggestion that he was wrongly labeled as a primary target of the investigation is insufficient to rebut the presumption that the Form I-213 is reliable. *See Zerrei*, 471 F.3d at 346 (indicating that a petitioner fails to rebut the presumption of reliability when he "put[s] forth no evidence to contradict or impeach the statements in the report" (internal quotation marks omitted)); *see also Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (noting that statements in a brief do not constitute evidence).

used to enter the country had been tampered with (*e.g.*, there were visual discrepancies in the font used and the visa failed a "check digit" calculation used to detect fraud). What's more, at the hearing before the IJ, Tucker accepted responsibility for the fraud, Certified Admin. Record at 206, conceded (through his counsel) that "the evidence [was] clear that there was some fraud," *id.* at 115, and reiterated in closing (again through counsel) that Tucker "accept[ed] responsibility for . . . the fraud," *id.* at 231. *See Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) (explaining that, in the normal course, petitioners "are bound by the concessions of freely retained counsel"). While Tucker's counsel on appeal argues that these statements should not be considered to concede knowing fraud, their plain language – when considered in the context of the full record – sufficed to permit the IJ to reach just that conclusion. In light of this evidence, we cannot conclude that any rational trier of fact would be compelled to find that DHS's proof failed to meet the clear-and-convincing standard.

Tucker's final argument – that the IJ's failure to require disclosure of the sources underlying the Form I-213 violated his right to due process by denying him the opportunity to properly confront the evidence against him – is also unavailing. Our case law makes clear that evidence may be admitted in

9

accordance with due process "if the evidence is probative and its use is fundamentally fair, fairness in this context being closely related to the reliability and trustworthiness of the evidence." *Zerrei*, 471 F.3d at 346 (internal quotation marks omitted). As previously explained, a Form I-213 is considered "presumptively reliable and admissible." *Zuniga-Perez*, 897 F.3d at 119 n.1 (internal quotation marks omitted). Here, DHS submitted a copy of the Form I-213 into evidence in advance of the hearing, thereby giving Tucker a reasonable opportunity to examine the evidence against him. Despite this, Tucker failed to put forth any evidence suggesting that the information in the Form I-213 was erroneous or unreliable or that further development of the record was necessary. *See Zerrei*, 471 F.3d at 346. As such, we reject Tucker's contention that the admission of the Form I-213 was fundamentally unfair or otherwise not in accordance with due process.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10