Faruk v. Lynch

BIA
Christensen, IJ
A087 998 865

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

OMAR FARUK,
> *Petitioner,*

v.                                                          14-4277
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Salim Sheikh, New York, New York.

FOR RESPONDENT:             Benjamin C. Mizer, Principal Deputy
                            Assistant Attorney General; Ernesto
                            H. Molina, Jr., Deputy Director;
                            Gladys M. Steffens Guzman, Trial
                            Attorney; Thelma A. Lizama, Law
                            Clerk, Office of Immigration
                            Litigation, United States
                            Department of Justice, Washington,
                            D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Omar Faruk, a native and citizen of Bangladesh, seeks review of an October 17, 2014, decision of the BIA affirming an October 24, 2012, decision of an Immigration Judge ("IJ") denying Faruk's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Omar Faruk,* No. A087 998 865 (B.I.A. Oct. 17, 2014), *aff'g* No. A087 998 865 (Immig. Ct. N.Y. City Oct. 24, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account,

2

and inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination here rests on substantial evidence. The agency justifiably relied on the record of Faruk's credible fear interview. We have advised that "adverse credibility determinations based on 'discrepancies' with a credible fear interview should be examined with care to ensure that they are not arbitrary." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (identifying a hallmark of reliability as whether the applicant was asked questions "designed to elicit a potential basis for an asylum claim" (internal quotation marks omitted)). We have also explained that while the agency "should not overlook complaints of coercion altogether, an alien's mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent the IJ or BIA from relying on statements

3

in such interviews when making adverse credibility determinations." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398 n.6 (2d Cir. 2005) (internal citation omitted)

Here, Faruk did not object to the admission of the credible fear interview record into evidence. The record bore the hallmarks of reliability: the interview was conducted through a Bengali interpreter, focused on why Faruk feared returning to Bangladesh, and was memorialized in a typewritten document. Faruk testified that he was confused and in an improper mental state during the interview, but did not claim that he misunderstood any of the questions or the interpreter.

The IJ's determination that the record eroded Faruk's credibility was sound: each of the inconsistencies identified by the IJ is supported by the record. The IJ also reasonably relied on the inconsistency between the affidavit of Faruk's wife, who said nothing about the attack, and Faruk's testimony that she was present and living at the house when it was attacked. When pressed on these inconsistencies, Faruk professed his confusion at the credible fear interview. The agency was not compelled to credit this explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (stating that the agency is not required to credit an explanation that is merely plausible or possible); *Yun-Zui Guan*, 432 F.3d at 398 n.6.

4

The IJ also reasonably relied on Faruk's failure to mention three attacks during his credible fear interview. "An inconsistency and an omission are," for the purposes of a credibility determination, "functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166 n.3. Here, the omissions were significant. At the hearing, Faruk described three additional attacks, one in which he was kidnapped, held overnight, beaten, and released only after his family paid ransom, and another in which a fellow BNP member was beaten to death. The IJ was entitled to "rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses." *Yun-Zui Guan*, 432 F.3d at 398.

Faruk challenges the denial of CAT relief. Given the omissions and inconsistencies that cast doubt on whether the alleged persecution occurred, the totality of the circumstances supports the agency's adverse credibility determination. Faruk's applications for asylum, withholding of removal, and CAT relief were based on the same factual predicate, and so the adverse credibility determination was dispositive as to all three. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Faruk's additional arguments fail. One is that the IJ

5

should have inferred that he did not trust the asylum officer and may have thought it unnecessary to discuss all of the incidents. "An attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Moreover, had Faruk so testified, the IJ was not obligated to credit that explanation, which did not account for the vast differences between the credible fear interview and the asylum application. *Majidi*, 430 F.3d at 80.

Faruk posits that the IJ ignored his documentary evidence. Not so. The IJ found that Faruk's documents did not rehabilitate his credibility because the affidavits from people in Bangladesh were submitted without identification, came from people unavailable for cross-examination, and actually conflicted with Faruk's problematic testimony. The documents suffered other inadequacies: a medical record was not contemporaneous with Faruk's treatment, a letter from a BNP official relied on hearsay, and a report from a U.S. doctor was based on secondhand information supplied by Faruk. We "defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Faruk also appears to seek a discretionary grant of asylum notwithstanding the adverse credibility determination.

6

Presumably he refers to the fact that once an alien establishes that he "is a 'refugee' within the meaning of the [INA]," and therefore eligible for asylum, "the decision whether to grant a particular application is still within the discretion of the Attorney General." *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir. 1999). This principle is inapplicable to Faruk: because of the adverse credibility determination, he was ineligible for asylum. *See Wu Zheng Huang v. INS*, 436 F.3d 89, 95-97 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk