Faruk v. Sessions

BIA
A087 998 865

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand eighteen.

PRESENT:
        BARRINGTON D. PARKER,
        REENA RAGGI,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

OMAR FARUK,
        *Petitioner,*

        v.                                          17-1667
                                                    NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Omar Faruk, *pro se*, Brooklyn, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Anthony P.
                        Nicastro, Assistant Director; Dana
                        M. Camilleri, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of
                        Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Omar Faruk, a native and citizen of Bangladesh, seeks review of the BIA's denial of his motion to reopen. *See In re Omar Faruk,* No. A 087 998 865 (B.I.A. May 1, 2017).

In lieu of filing a brief, the Government moves for summary denial of Faruk's petition for review which is warranted only if the petition is frivolous. *See Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). Because Faruk has filed his merits brief, we need not resolve whether his petition is frivolous; rather, we treat the Government's motion as a response to that brief and deny the petition. In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

Faruk argues that the BIA erred in not reviewing the immigration judge's ("IJ's") adverse credibility determination, on the basis of which the IJ denied his underlying applications for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). But Faruk cannot now challenge that determination because his petition is timely only as to the BIA's denial of his motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (noting that we are precluded from reviewing underlying removal order on petition for review of denial of motion to reopen).

To the extent that Faruk challenges the denial of reopening, we review that denial for abuse of discretion; *see i.d.*, which we do not identify here. It is undisputed that Faruk's 2016 motion to reopen was untimely because it was filed more than two years after the BIA's original decision affirming the IJ's denial of asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same).

In urging otherwise, Faruk relies on evidence of changed country conditions in Bangladesh. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (stating that time limitation does not apply if reopening is "based on changed country conditions arising in the country of nationality . . . if such evidence

is material and was not available and would not have been discovered or presented at the previous proceedings"); *see also* 8 C.F.R. §1003.2©(3)(ii). Specifically, Faruk asserts that the Awami League, which he claims persecuted him in the past based on his support of the Bangladesh Nationalist Party, was emboldened by its 2014 electoral victory and that, in 2015 and 2016, its members were looking for Faruk and harmed and threated his family.

The BIA did not err in determining that the alleged changed conditions were not material; *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), given the agency's prior determination, upheld by this court, that Faruk's claim of Bangladesh Nationalist Party membership was not credible. *See Qin Weng Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (reasoning that BIA may rely on underlying adverse credibility determination to deny motion to reopen); *see also Faruk v. Lynch*, 660 F. App'x 82, 83-84 (2d Cir. 2016) (denying Faruk's petition challenging adverse credibility determination).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial and Faruk's motion for a stay of

4

removal are DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court