Singh v. Lynch

BIA
Morace, IJ
A200 291 187

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand sixteen.

PRESENT:
 PIERRE N. LEVAL,
 REENA RAGGI,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

NAMINDER SINGH,
  *Petitioner,*

 v.                                    15-1804
                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:       Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:       Benjamin C. Mizer, Principal Deputy
                      Assistant Attorney General;
                      Jennifer P. Williams, Senior
                      Litigation Counsel; Raya Jarawan,
                      Trial Attorney, Office of
                      Immigration Litigation, United
                      States Department of Justice,
                      Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Naminder Singh, a native and citizen of India, seeks review of a May 4, 2015 decision of the BIA affirming a September 11, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Naminder Singh,* No. A200 291 187 (B.I.A. May 4, 2015), *aff'g* No. A200 291 187 (Immigr. Ct. N.Y.C. Sept. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We consider the IJ's decision "as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an applicant's "demeanor, candor,

2

or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 166-67.

Here, the ruling is sound, "based on specific examples in the record of 'inconsistent statements' by" Singh "about matters material to his claim of persecution," namely when the alleged attacks occurred. *Zhou Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Singh testified that Congress Party motorcyclists attacked him in April 2011, but his written application said that the attack occurred in March 2010. His explanation for this inconsistency was that his grandmother had passed away recently. Similarly, he testified that the police beat him in March 2011, but his

written statement stated that the beating occurred in April 2010. His explanation for that inconsistency was that he was nervous. The agency was not compelled to credit these explanations, which were not entirely consistent with each other. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible).

Singh argues that "the BIA failed to consider the time frame between [the two] incidents and [the] totality of circumstances[,] including the death of [his] grandmother." But the agency considered--and rejected--his explanations. Singh's counsel also cites a Ninth Circuit decision addressing trauma victims' faulty memories. But Singh did not testify that trauma caused his confusion, and "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Even if Singh had so testified, the IJ would not have been obligated to credit that explanation, which does not account for why he recalled the correct dates when writing his asylum application. *Majidi*, 430 F.3d at 80.

Singh argues that "if the IJ decides that the applicant should provide corroboration, the applicant must then have an opportunity to provide it, or explain that he does not have it and 'cannot reasonably obtain it.'" He extracts this rule from the following passage of the INA: "Where the trier of fact determines that the applicant should provide evidence that corroborates *otherwise credible testimony*, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii)(emphasis added). Singh's argument overlooks the critical phrase: "otherwise credible testimony." The IJ need not take these additional steps where, as here, the IJ's concerns about corroboration are tied to testimony the IJ does not credit. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006); *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (observing that an applicant's failure to corroborate may bear on credibility, either because the absence of particular evidence is viewed as suspicious or its absence prevents the applicant from rehabilitating testimony already called into question).

Given the inconsistencies that cast doubt on whether Singh suffered the critical incidents of alleged persecution and the lack of corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination. Singh's applications for asylum, withholding of removal, and CAT relief were based on the same factual predicate, and so the adverse credibility determination was dispositive as to all three. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk