Lin v. Sessions

BIA
Segal, IJ
A088 996 770

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand seventeen.

PRESENT:
            PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                 *Circuit Judges.*
_____

WENXIN LIN,
            *Petitioner,*

            v.                                    15-3712
                                                  NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:          Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Edward
                         E. Wiggers, Senior Litigation
                         Counsel; Aimee J. Carmichael, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenxin Lin, a native and citizen of the People's Republic of China, seeks review of an October 29, 2015, decision of the BIA affirming a May 28, 2014, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wenxin Lin,* No. A088 996 770 (B.I.A. Oct. 29, 2015), *aff'g* No. A088 996 770 (Immig. Ct. N.Y. City May 28, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We first address Lin's challenge to the agency's exclusion of the amended translation of his aunt's letter and then discuss whether the adverse credibility determination is supported by substantial evidence.

I.   Evidentiary Challenge

Lin's testimony was inconsistent with the original translation of a letter that he submitted from his aunt, in that

2

Lin testified that he was beaten (but not arrested) during a 2011 incident. His aunt's letter, however, indicated that he *was* arrested during the 2011 encounter. After the hearing, Lin submitted an amended translation of his aunt's letter that omitted any reference to a 2011 arrest. The IJ found that the amended translation was unreliable and declined to admit it into evidence.

In his petition for review, Lin argues that the exclusion of the amended translation was an abuse of discretion and violated his due process rights. We disagree. In removal proceedings, the admissibility of evidence is tied to its reliability and trustworthiness. *Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir. 1996). The IJ reasonably determined that the amended translation was unreliable because a court interpreter confirmed that the original translation was correct and Lin did not explain why the amendment was appropriate; thus, she did not abuse her discretion. *See Dedji v. Mukasey,* 525 F.3d 187, 191 (2d Cir. 2008). Moreover, declining to admit the evidence did not deprive Lin of his due process rights because he had the opportunity for a meaningful hearing before the IJ. *See Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir. 1984); *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

Lin now argues that the court interpreter was not competent to translate his aunt's letter, arguing that an "interpreter" may be competent to translate speech but not writings. He did not raise that argument before the BIA. Thus, he has failed to exhaust it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Even if it had been exhausted, the argument is without merit. The agency's regulations require interpreters to be competent in both oral interpretation and written translation. *See* 8 C.F.R. § 1003.22 ("Any person acting as an interpreter in a hearing shall swear or affirm to interpret *and translate* accurately . . . ." (emphasis added)).* The IJ described the interpreter's qualifications, observing that he had worked for the court for at least ten years and was a certified translator. Nothing in the record suggests that the interpreter was unable to translate written documents. His other contention, that the interpreter was biased by his earlier memory of the initial hearing, is unavailing. The interpreter who addressed the re-translation issue at the second hearing was not the same

---

* Lin included a chart in his brief that he claims is a literal translation of the letter and does not include a reference to an arrest. That chart is not proper evidence, however. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence.").

4

interpreter who appeared at Lin's initial hearing before the IJ when the letter was first introduced.

II.  Adverse Credibility Determination

Given the inconsistencies between Lin's testimony and his aunt's letter regarding one of two alleged incidents of persecution and the inconsistencies regarding his baptism, we conclude that the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's oral and written statements as well as inconsistencies between the applicant's testimony and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Lin was not credible.

The agency reasonably relied on the inconsistency between Lin's testimony that he was beaten but not arrested for evangelizing in February 2011 and his aunt's letter stating that he was arrested during that incident. This is a significant

discrepancy relating to one of the two alleged incidents of persecution, and the agency reasonably determined that it undermined Lin's credibility. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295-96 (2d Cir. 2006) (one material inconsistency relating to central aspect of asylum claim may adequately support an adverse credibility determination).

The agency also reasonably relied on inconsistencies among Lin's oral testimony, his written statement, and a letter from his sister regarding his baptism. Lin testified that he was baptized in 2010 in China and that Christians may only be baptized once. His application omitted the 2010 baptism, however, and reported that he was taking classes at his U.S. church with the hope of being baptized. Additionally, a letter from Lin's sister stated that Lin intended to be baptized in the United States and did not mention a 2010 baptism, even though Lin testified that his sister knew that he was baptized in 2010. Where a petitioner's "claims of persecution are based on his practice of religion, his inconsistent testimony regarding when and how many times he ha[s] been baptized constitutes a substantial discrepancy." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency was not compelled to credit Lin's explanations that he was only taking baptism classes in order to acquaint himself with his new church and that both he and

his sister made inadvertent mistakes in stating that he planned to be baptized. Those explanations did not address his clear statement in his application that he intended to be baptized in the United States or his sister's omission of his earlier baptism. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given these discrepancies, which call into question Lin's practice of Christianity and the allegations of past harm, the record supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 295-96. Because Lin's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7