23-7742
*Daquilema-Guaman v. Bondi*

BIA
Ling, IJ
A220 505 741/742/743/744

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*
_____

MIGUEL DAQUILEMA-GUAMAN, MARIA NIEVES DAQUILEMA-DAQUILEMA, ELVIA DAQUILEMA-DAQUILEMA, ANA LUCIA DAQUILEMA-DAQUILEMA,
> *Petitioners,*

v.                                                    23-7742
                                                      NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*
_____

**FOR PETITIONERS:**     Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer P. Levings, Assistant Director; Brandon T. Callahan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Miguel Daquilema-Guaman, Maria Nieves Daquilema-Daquilema, Elvia Daquilema-Daquilema, and Ana Lucia Daquilema-Daquilema, natives and citizens of Ecuador, seek review of an October 12, 2023 decision of the BIA affirming a December 7, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miguel Daquilema-Guaman, et al.*, Nos. A220 505 741/742/743/744 (B.I.A. Oct. 12, 2023), *aff'g* No. A220 505 741/742/743/744 (Immig. Ct. N.Y. City Dec. 7, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law, including the application of law to fact, de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We deny the petition as to asylum and withholding of removal because the agency's determination that Petitioners had failed to establish a nexus between their mistreatment and their ethnicity is supported by substantial evidence. An applicant for asylum and withholding of removal has the burden to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (concluding that the "one central reason" standard applies to both asylum and withholding of removal). The agency found that Petitioners failed to establish a nexus here.

In their petition to this Court, without citation to the record, Petitioners assert that "the abundant taunts about their skin color and ethnicity" clearly show

3

that a central reason for the beatings was their Indigenous race. Petitioners' Br. at 6–7. Although there was evidence that Miguel Daquilema-Guaman was taunted on the basis of his indigenous ethnicity throughout his childhood, there was no testimony or other evidence in the record that the attackers who assaulted Petitioner and his family mentioned their skin color or ethnicity. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."). Petitioners' arguments on this point are misleading at best.

Moreover, Miguel Daquilema-Guaman testified that the individuals who attacked him did so in the context of stealing money and property from Daquilema-Guaman as well as his employer, suggesting a motive other than persecution. Accordingly, substantial evidence supports the agency's determination that Daquilema-Guaman did not carry his burden of proof as to the nexus between his protected status and the harms he and his family suffered. *Cf. Quituizaca*, 52 F.4th at 115 (concluding that substantial evidence supported agency's conclusion that gangs that harmed the petitioner acted based on "incentives presented to ordinary criminals rather than . . . persecution.").

4

As to their CAT claim, the Petitioners have abandoned review of a dispositive basis for their CAT claims. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). A petitioner who "devotes only a single conclusory sentence to" an argument is deemed to have abandoned it. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Petitioners addressed their CAT claims in only two conclusory sentences in their brief: "[T]he provided evidence . . . shows the government did nothing but exacerbate the issue. As such, the Petitioners were eligible for protection under the [CAT]." Petitioners' Br. at 11. Petitioners fleetingly suggest that the Ecuadorian government did not protect them from these harms, but do not meaningfully engage with the agency's dispositive conclusion, supported by substantial evidence, that the CAT claims were too speculative. Certified Admin. Record at 5.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**. It is further

**ORDERED** that the clerk's office shall send a copy of this order to Petitioners in addition to their counsel.

Given the issues with the briefing by Petitioners' counsel, a copy of this order will be sent to this Court's Grievance Panel. In addition to containing insufficient record citation and legal authority, Fed. R. App. P. 28(a), the brief in this case includes inaccurate statements about the content of the record. In addition to the misstatement noted above, the brief incorrectly asserts that the Immigration judge "denied the Petitioners' application for Withholding of Removal by finding that the Petitioners abandoned their asylum application by not timely providing all evidence." Petitioners' Br. at 8. And it wrongly states that the Immigration Judge "committed a legal error by not actually considering Petitioners' eligibility for protection under the Convention Against Torture." *Id.* at 11.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6